LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, NY 11702
Tel. (631) 257-5588
PRomero@RomeroLawNY.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KEREN LAUDADIO,

                Plaintiff,

  -against-                                       **COMPLAINT**

ROMAN CATHOLIC DIOCESE OF
BROOKLYN and OUR LADY OF GRACE            *Jury Trial Demanded*
CATHOLIC ACADEMY formerly known as
AVE MARIA CATHOLIC ACADEMY,

                Defendants.
------------------------------------------------------------------------X

        Plaintiff, KEREN LAUDADIO ("Plaintiff"), by and through her counsel, the Law Office of Peter A. Romero PLLC, alleges and complains as follows:

## NATURE OF THIS ACTION

        1.     Plaintiff brings this pregnancy discrimination lawsuit against her former employer pursuant to the Pregnancy Discrimination Act ("PDA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §296 et seq. (the "Human Rights Law") and the Administrative Code of the City of New York, 8-101 et seq. (the "City Law").

2. Plaintiff seeks compensatory and punitive damages, liquidated damages, emotional distress damages, attorneys' fees, and other appropriate relief under Title VII, the Human Rights Law and the City Law.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331. This court may assert supplemental jurisdiction over the state and city law claims as authorized by 28 U.S.C. §1367(a).

4. Venue properly lies within this judicial district pursuant to 28 U.S.C. §1391 because the unlawful practices complained of herein occurred within the Eastern District of New York and because Defendants reside within the Eastern District of New York.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 520-2017-03040. Plaintiff brings this action within ninety days of the issuance of the Notice of Right to Sue issued by the EEOC.

6. Pursuant to §8-502(c) of the City Law, a copy of this complaint will be served on the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York.

## THE PARTIES

7. Plaintiff Keren Laudadio ("Plaintiff"), a married female, resides in Howard Beach, New York.

8. Defendant Roman Catholic Dioceses of Brooklyn ("Defendant Diocese") is, upon information and belief, a religious institution with its principal place of business in the State of New York and serves the boroughs of Brooklyn and Queens. Within its borders is the seventh largest Catholic school network in the United States, with 85 elementary schools and academies.

9. Defendant Our Lady of Grace Catholic Academy ("Defendant Academy"), formerly known as Ave Maria Catholic Academy ("Ave Maria Academy"), is a Catholic academy servicing nursery age through eighth grade students in Howard Beach, New York.

## STATEMENT OF FACTS

10. Plaintiff was employed as a kindergarten teacher at Defendant Academy from 2015 to June 21, 2017. Plaintiff holds a Master's of Science degree in Education and Special Education and a Bachelor's of Arts degree Psychology with a minor in Early Childhood Education.

11. Throughout her employment at the Academy, Plaintiff received positive feedback regarding her performance from parents and the Principal, Marybeth McManus ("McManus").

12. Plaintiff became pregnant in or about December 2016. Plaintiff made McManus aware of her pregnancy and informed her that she expected to deliver her baby in August 2017. Plaintiff further informed McManus that she intended to continue working during her pregnancy throughout the remainder of the academic year and that she intended to return to work for the start of school in September 2017.

13. Although Plaintiff taught full-day kindergarten, the administration failed to provide her with a meal break or breaks to use the restroom. As Plaintiff's pregnancy progressed, she developed sciatica and it became increasingly difficult for her to stand for prolonged periods. Therefore, Plaintiff asked McManus for permission to sit as a reasonable accommodation and provided her with documentation from her physician, dated March 9, 2017, substantiating my need for such accommodation. McManus not only denied Plaintiff's request for reasonable accommodation, but also reprimanded her for sitting, despite being provided documentation from Plaintiff's physician. McManus also criticized Plaintiff for eating a snack in the classroom, notwithstanding the fact that she failed to provide Plaintiff with a meal period or lunch break.

14. On June 21, 2017, McManus informed Plaintiff that her contract would not be renewed for the 2017/2018 school year and, in effect, terminated Plaintiff's employment.

15. Defendants discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of pregnancy.

16. As a result of Defendants' discriminatory action, Plaintiff has suffered the loss of her job and the opportunity to work and the wages and benefits she would have received but for her discriminatory discharge.

17. As a result of Defendants' discriminatory action, Plaintiff suffered substantial emotional harm and distress at a time in which she felt especially vulnerable and anxious about her financial security due to her pregnancy. Plaintiff suffered physical manifestations of stress and anxiety, including severe eczema, a loss of appetite, and weight loss.

## FIRST CLAIM FOR RELIEF

18. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

19. Defendants discriminated against Plaintiff because of her pregnancy in violation of the PDA and Title VII.

20. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

21. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

22. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF

23. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

24. By the acts and practices described above, Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of pregnancy in violation of the Human Rights Law.

25. As a result of Defendants' discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF

26. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

27. By the acts and practices described above, Defendants discriminated against Plaintiff because she was disabled and/or perceived to be disabled in violation of the Human Rights Law.

28. As a result of Defendants' discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## FOURTH CLAIM FOR RELIEF

29. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

30. By the acts and practices described above, Defendants discriminated against Plaintiff on the basis of her pregnancy in violation of the City Law.

31. As a result of Defendants' discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF

32. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

33. By the acts and practices described above, Defendants discriminated against Plaintiff because she was disabled and/or perceived to be disabled in violation of the City Law.

34. As a result of Defendants' discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

### DEMAND FOR A JURY TRIAL

35. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

36. Plaintiff demands a trial by jury as to all issues in the above matter.

**WHEREFORE**, Plaintiff demands judgment against Defendants and that the Court enter an award in favor of Plaintiff:

(i) Declaring the acts and practices complained of herein are in violation of the PDA, Title VII and the Executive Law;

(ii) Reinstatement of Plaintiff to an equivalent position;

(iii) Damages in the form of back pay with interest;

(iv) Front pay, in lieu of reinstatement;

(v) Compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation;

(vi) Punitive damages under Title VII and the City Law;

(vii) Attorneys' fees, costs and disbursements; and

(viii) Such other and further relief as this Court may deem just and proper.

Dated: Babylon, New York
October 17, 2017

LAW OFFICE OF PETER A. ROMERO PLLC

By: _____

Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Keren Laudadio<br>158-37 92nd St.<br>Howard Beach, NY 11414 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-03040 | Philip Reo,<br>Investigator | (212) 336-3772 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin J. Berry*     10/11/17

Enclosures(s)     **Kevin J. Berry,**<br>**District Director**     *(Date Mailed)*

cc:     Human Resource<br>Director<br>ROMAN CATHOLIC DIOCESE OF BROOKLYN<br>310 Prospect Park West<br>Brooklyn, NY 11215

Peter A. Romero<br>LAW OFFICE OF PETER A. ROMERO<br>103 Cooper Street<br>Babylon, NY 11702